UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISON

| | | |
|---|---|---|
| MITCHELL W. KIRKSEY | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CV 50302 |
| vs. | ) | |
| | ) | Judge Iain D. Johnston |
| SERGEANT KRAMER, | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Defendant. | ) | |

## DEFENDANT KRAMER'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Sergeant Daniel Kramer, by his attorneys, Patrick D. Kenneally, McHenry County State's Attorney, and his Assistant State's Attorneys, George M. Hoffman and Jana Blake Dickson, for his Answer and Affirmative Defenses to the plaintiff's Amended Complaint states as follows:

**COMPLAINT:**

    I.    Plaintiff(s):

        A.    Name: Mitchell W. Kirksey
        B.    List of aliases: N/A
        C.    Prisoner Identification Number: R52062
        D.    Place of present confinement: Jacksonville CC
        E.    Address: 2268 East Morton Ave. Jacksonville, IL 62650

**ANSWER:**

Defendant admits that the plaintiff is Mitchell W. Kirksey, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph I.

**COMPLAINT:**

    II.    Defendant(s):
            Defendant: Sergeant Kramer
            Title: Sergeant
            Place of Employment: McHenry County Sheriffs

**ANSWER:**

Defendant admits the allegations of paragraph II.

**COMPLAINT:**

    III.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

        A.    Name of case and docket number: N/A
        B.    Approximate date of filing lawsuit: N/A
        C.    List of all plaintiffs (f you had co-plaintiffs), including any aliases: N/A
        D.    List of defendants: N/A
        E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A
        F.    Name of judge to whom case was assigned: N/A
        G.    Basic claim made: N/A
        H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending? N/A
        I.    Approximate date of disposition: N/A

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph III, including subparagraphs A-I.

**COMPLAINT:**

    IV.    Statement of Claim

1.    This Complaint is under the Civil Rights Act; 42 USC 1983 against state and county defendants.

**ANSWER:**

Defendant admits that plaintiff purports to state a claim under 42 U.S.C. § 1983 and denies the remaining allegations of paragraph 1.

2. The Civil Rights violations being addressed herein occurred while plaintiff was being taken into custody by the McHenry County Sheriff's Office and agents associated with its jurisdiction.

**ANSWER:**

Defendant admits that plaintiff was arrested and taken into custody by officers of the McHenry County Sheriff's Office and denies the remaining allegations of paragraph 2.

3. On July 20, 2018, Commander Brian Baker (N.I.P.A.S), while acting in his official capacity, showed callous indifference for plaintiff's state and federal constitutional rights that extend to equal protection under the color of the law.

**ANSWER:**

Defendant denies the allegations of paragraph 3.

4. Baker supervised a group of McHenry County Sheriff's deputies and detectives on the foregoing date that deliberately violated plaintiff's constitutional rights by the direct use of excessive force while apprehending and arresting plaintiff.

**ANSWER:**

Defendant denies the allegations of paragraph 4.

5. Baker witnessed and failed to intervene when Defendant Sergeant Kramer inflicted cruel and unusual punishment on plaintiff when he tased plaintiff with a taser gun after he (plaintiff) was already in handcuffs, subdued and restrained.

**ANSWER:**

Defendant denies the allegations of paragraph 5.

6. This act was in itself a callous display that violated plaintiff's constitutional rights.

**ANSWER:**

Defendant denies the allegations of paragraph 6.

7. On July 20, at approximately 5:45 am, plaintiff was at his residence when ten or more McHenry County Sheriffs beat on his door.

**ANSWER:**

Defendant admits that on the morning of July 20, 2018, several law enforcement officers, including defendant, arrived at plaintiff's residence to arrest him. Defendant denies the remaining allegations of paragraph 7

8. Plaintiff's sister, Melissa Kirksey, opened the door at which time several sheriff's deputies came barging into the residence without permission.

**ANSWER:**

Defendant admits that his sister, Melissa Kirksey opened the door and denies the remaining allegations of paragraph 8.

9. The deputies claimed to have a warrant for plaintiff's arrest, and began methodically searching the house from room to room.

**ANSWER:**

Defendant admits the allegations of paragraph 9.

10. Melissa Kirksey told deputies to stop searching the home if they did not have a search warrant, at which time defendant sergeant Kramer told Ms. Kirksey to, "Shut your fucking mouth!"

**ANSWER:**

Defendant denies the allegations of paragraph 10.

4

11.     Defendant Kramer then led several deputies to the basement. Defendant Kramer loudly announce that "they" (presumably him and the deputies with him) "beat the shit" out of the plaintiff when they found him.

**ANSWER:**

Defendant admits that after plaintiff refused to come out of the basement and after a police canine had gone into the basement to locate plaintiff, defendant led several deputies down the stairs to the basement. Defendant denies the remaining allegations of paragraph 11.

12.     Deputies then began ransacking the area and destroying the property while carrying out their search.

**ANSWER:**

Defendant denies the allegations of paragraph 12.

13.     They flipped over a television, a couch and bed as they stomped on property, appliances and furniture with reckless disregard.

**ANSWER:**

Defendant admits that officers had to move several items of furniture and junk under which plaintiff had concealed himself. Defendant denies the remaining allegations of paragraph 13.

14.     When defendant Kramer and the others located plaintiff he put his hands in the air and did not resist in any way.

**ANSWER:**

Defendant denies the allegations of paragraph 14.

15.     Plaintiff was secured and in handcuffs when defendant sergeant Kramer pulled his Taser and fired it point blank at plaintiff.

**ANSWER:**

Defendant denies the allegations of paragraph 15.

16.  Plaintiff fell to the ground in extreme pain and distress, striking his head and injuring it in the process.

**ANSWER:**

Defendant denies the allegations of paragraph 16.

17.  Plaintiff's three-year-old daughter was traumatized when she witnessed this event.

**ANSWER:**

Defendant denies the allegations of paragraph 17.

18.  Plaintiff was then roughly thrown into a squad car with no medical attention whatsoever.

**ANSWER:**

Defendant denies the allegations of paragraph 18.

19.  Defendant sergeant Kramer refused to allow Melissa Kirksey to remove plaintiff's daughter from the scene, so she was forced to witness these brutal events and suffer the trauma of it.

**ANSWER:**

Defendant denies the allegations of paragraph 19.

20.  Plaintiff's daughter has been emotionally impacted and traumatized by the defendant's actions, and continues to have trouble sleeping because she has nightmares and fears that a squad of police will again force their way violently into her home.

**ANSWER:**

Defendant denies the allegations of paragraph 20.

21.  Defendant sergeant Kramer also filed two fraudulent charges against the plaintiff, namely obstructing a peace officer and resisting a

peace officer on July 20, 2018, presumably as an attempt to justify the unlawful use of the taser against the plaintiff.

**ANSWER:**

Defendant admits that he filed a complaint against plaintiff for obstructing a peace officer and resisting a peace officer on July 20, 2018, and denies the remaining allegations of paragraph 21.

22. Both of these fraudulent charges were dismissed on January 17, 2019.

**ANSWER:**

Defendant admits that on January 17, 2019, both of the foregoing charges were nolle prossed as a part of a plea agreement under which plaintiff pleaded guilty of aggravated possession of a firearm for which he was sentenced to eight years in the Illinois Department of Corrections. Defendant denies the remaining allegations of paragraph 22.

23. This concludes plaintiff's 42 USC 1983 Civil Complaint.

**ANSWER:**

Defendant admits the allegations of paragraph 23.

**COMPLAINT:**

    V.    Relief

24. Issue an order declaring that the defendant's actions violated plaintiff's rights under the United States Constitution

25. Award plaintiff $200,000.00 in compensatory damages.

26. Any other relief this court deems equitable and just.

**ANSWER TO PRAYER FOR RELIEF:**

Defendant denies that plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

Defendant cannot be liable to plaintiff because at all times they acted within the scope of his discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling him to qualified immunity from suit and damages.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff concealed himself in the basement where he was living and refused to come out with his hands up when ordered. Defendant's use of force under the circumstances of this case was reasonably necessary to effect plaintiff's arrest, thereby barring any and all claims and injuries allegedly based on defendant's use of force.

WHEREFORE, defendant Daniel Kramer requests this Court to enter judgment in his favor and against the plaintiff and for such other and further relief as the Court deems appropriate.

    Sergeant Daniel Kramer

    By: /s/ George M. Hoffman
    One of his Attorneys

Patrick D. Kenneally
McHenry County State's Attorney
George M. Hoffman (ARDC No. 6180738)
Jana Blake Dickson (ARDC No. 6307451)
Assistant State's Attorneys
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
815·334·4159 (phone)
815·334·0872 (fax)
gmhoffman@mchenrycountyil.gov
jeblake@mchenrycountyil.gov

## CERTIFICATE OF SERVICE

The undersigned attorney, George M. Hoffman, hereby certifies that a copy of **Defendant Kramer's Answer and Affirmative Defenses to Amended Complaint** was served on

>Mitchell Kirksey
>Jacksonville Correctional Center
>R-52062
>2268 E. Morton Ave.
>Jacksonville, IL 62650

by depositing a copy in the U.S. Mail located at 2200 N. Seminary Avenue, Woodstock, Illinois, First-Class postage prepaid, on January 22, 2021.


/s/ George M. Hoffman