IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISON

| | |
|---|---|
| MITCHELL W. KIRKSEY, ) | |
| ) | |
| Plaintiff, ) | No. 19 CV 50302 |
| vs. ) | |
| ) | Judge Iain D. Johnston |
| SERGEANT KRAMER, ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Defendant. ) | |

## RESPONSE TO PLAINTIFF'S MOTION
## FOR A COURT ORDER

This case involves a claim of excessive force against Daniel Kramer, which allegedly occurred when plaintiff was arrested on July 20, 2018. Amended Complaint ¶¶ 3-4 at 4 (Dkt # 64). Plaintiff now seeks "a copy of the proceedings" before the grand jury that resulted in his indictment nearly one month later. His avowed purpose "is his belief that a true bill was never issued against him but that the indictment against Ms. McGhee-Stapleton [sic] was simply cut and pasted with his name." Motion ¶ 3 at 1 (Dkt # 68). Because grand jury proceedings are prohibited from disclosure and because his indictment is not relevant to any issue raised in plaintiff's amended complaint, the motion should be denied.

As a threshold matter, plaintiff's motion should be denied, because he fails to allege that he first sought disclosure from the state court, and that that court denied his request.

> "When state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy. Otherwise the potential threat of

> disclosure orders in subsequent federal litigation would seriously weaken the state court's control over the secrecy of this essential component of its criminal justice system."

*Lucas v. Turner*, 725 F.2d 1095, 1099 (7th Cir. 1984), quoting *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir. 1980). See also *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 226 (1979) ("in general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities").[1]

Even if plaintiff had sought release of the grand jury proceedings from the state court and even if that court had denied his request, he still would not be entitled to disclosure. The party seeking disclosure of grand jury testimony has a high burden.

> Parties seeking grand jury transcripts under Rule 6(e) [Fed. R. Crim. Pro.] must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). This burden is equally high under Illinois law. *In re Extended March 1975 Grand Jury No. 655*, 84 Ill.App.3d 847, 851 (1st Dist. 1980) ("Under Federal law, proceedings before a grand jury are protected against disclosure by the Federal common law policy of secrecy for precisely the same reasons as stated under Illinois law"). Whether to permit

---

[1] Plaintiff alleges that he "requested this information from 22nd Judicial Circuit Court of McHenry County, Illinois, but plaintiff was informed that pursuant to 725 ILCS 5/112-6, disclosure of Grand Jury proceedings is not permitted short of a court order." Motion ¶ 6 at 2 (Dkt # 64). Plaintiff does not allege that he sought such a court order.

disclosure rests in the trial court's discretion, "weighing the need for secrecy against the need for disclosure of specified documents and testimony occurring before the grand jury." *Lucas*, 725 F.2d at 1101.

In order to meet the high burden required for disclosure, "the Supreme Court has consistently held that a strong showing of particularized need is required before any grand jury materials are disclosed." *Lucas*, 725 F.2d at 1101, citing cases. "Put simply, the secrecy of the grand jury proceeding will not be broken except where the party seeking disclosure can show a 'compelling necessity' or a 'particularized need.'" *In re Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991), quoting *Douglas Oil Co.*, 441 U.S. at 222. Plaintiff does not challenge his indictment in this case; he alleges only that the defendant used excessive force in arresting him. Plaintiff's allegations fall far short of the "strong showing of particularized need" required before disclosure of grand jury proceedings is allowed.

Plaintiff seeks "a copy of the grand jury proceedings" only because "it is his belief that a true bill was never issued against him but that the indictment against Ms. McGhee-Stapleton [his co-defendant] was simply cut and pasted with his name." Motion ¶ 3. However, "[t]he mere speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material." *Cueto v. Stepp*, 2005 U.S. Dist. LEXIS 35633 at *50, 2005 WL 3448030, quoting *United States v. Hart*, 513 F.Supp. 657, 658 (E.D. Pa. 1081) (citing *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972). Although it is unclear exactly what the plaintiff means, to the extent he claims that his indictment was defective, that issue is not the subject of

3

his complaint in this case. Plaintiff's only claim is that the defendant used excessive force to arrest him. Amended Complaint ¶¶ 4-5 at 4 (Dkt # 64). Nowhere in plaintiff's motion does he explain the relevance of his indictment to his claim of excessive force in connection with his arrest. Plaintiff challenges neither his indictment nor his arrest in this case.

In order to demonstrate a particularized need, plaintiff must show that the need for disclosure is greater than the need for continued secrecy. Plaintiff fails to demonstrate any need for "a copy of the grand jury proceedings," much less a need that is greater than the need for continued secrecy applicable to grand jury proceedings. Neither does it matter that the grand jury that indicted plaintiff is no longer sitting nor that his criminal prosecution has concluded. The fact that proceedings before the grand jury have been terminated, standing alone, does not justify disclosure. *Douglas Oil Co.*, 441 U.S. at 221.

## Conclusion

For the reasons stated herein, defendant requests this Court to deny plaintiff's Motion for a Court Order.

Sergeant Daniel Kramer

By: /s/ George M. Hoffman
One of his Attorneys

4

Patrick D. Kenneally
McHenry County State's Attorney
George M. Hoffman (ARDC No. 6180738)
Jana Blake Dickson (ARDC No. 6307451)
Assistant State's Attorneys
McHenry County Government Center
2200 North Seminary Avenue
Woodstock, Illinois 60098
815·334·4159 (phone)
815·334·0872 (fax)
gmhoffman@mchenrycountyil.gov
jeblake@mchenrycountyil.gov

## CERTIFICATE OF SERVICE

The undersigned attorney, George M. Hoffman, hereby certifies that a copy of defendant's **Response to Plaintiff's Motion for a Court Order** was served on

Mitchell Kirksey
Jacksonville Correctional Center
R-52062
2268 E. Morton Ave.
Jacksonville, IL 62650

by depositing a copy in the U.S. Mail located at 2200 N. Seminary Avenue, Woodstock, Illinois, First-Class postage prepaid, on February 2, 2021.

/s/ George M. Hoffman